(No. 81-CV-0378-

*In re* APPLICATION OF VICTOR SCHRISHUHN AND DORIS BISSEY, Guardian, Claimants.

*Opinion filed April 27, 1981.*

*Amended opinion on motion for reconsideration filed September 24, 1982.*

GERALD G. DEHNER, for Claimants.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

This claim arises out of an incident that occurred on July 14, 1980, in Sangamon County, Illinois. Victor Schrishuhn, brother of the deceased victim, Donald H. Schrishuhn, Jr., and Doris Bissey, guardian of the victim's minor children, seek compensation pursuant to the provisions of the Crime Victims Compensation Act, hereafter referred to as the Act. Ill. Rev. Stat, 1979, ch. 70, par. 71 *et seq.*

This Court has carefully considered the application for benefits submitted on the form prescribed by the Attorney General, and an investigatory report of the Attorney General of Illinois which substantiates matters set forth in the application. Based upon these documents and other evidence submitted to the Court, the Court finds:

1. That the deceased, Donald H. Schrishuhn, Jr., age 43, was a victim of a violent crime as defined in section 2(c) of the Act, (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), to wit: murder. Ill. Rev. Stat. 1979, ch. 38, par. 9—1.

2. That on July 14, 1980, the body of Donald H. Schrishuhn, Jr., was found on a country road near Route 97 in Sangamon County, Illinois. The victim had been shot several times and was pronounced dead at the scene. It is believed that the victim was killed at an unknown location and then taken to where he was found.

3. That the Claimant Victor Schrishuhn seeks compensation for funeral and medical expenses and Claimant Doris Bissey, as legal guardian, for loss of support for Leta Mae, age 7, and Marguerete, age 5, minor children of the victim.

4. That the Claimant Victor Schrishuhn incurred funeral and burial expenses in the amount of $2,805.53 and

an ambulance charge of $122.70. Pursuant to section 2(h) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(h)), funeral and burial expenses are compensable to a maximum award of $2,000.00.

5. The Claimant's minor children were totally dependent upon the victim for support.

6. That prior to his death, the victim was employed by Logan Correctional Center and his average monthly earnings were $580.00.

7. That section 2(h) of the Act states ". . . loss of support shall be determined on the basis of the victim's average net monthly earnings for the six months immediately preceding the date of the injury or on $750.00 per month, whichever is less."

8. That the victim was 43 years of age at the time of the crime. According to the U.S. Department of Health, Education and Welfare, *Vital Statistics of the United States*, 1976, Life Tables, Vol. II, his life expectancy would have been 33 more years. The projected loss of support for 33 years is in excess of $15,000.00 which is the maximum amount compensable under section 80.1(f) of the Act.

9. That this claim complied with all pertinent provisions of the Act and qualifies for compensation thereunder.

10. That pursuant to section 10.1(e) of the Act (Ill. Rev. Stat. 1979, ch. 70, par. 80.1(e)), this Court must deduct $200.00 from all claims, (except in the case of an applicant 65 years of age or older) and the amount of benefits, payments or awards payable under the Workers' Compensation Act, Dram Shop Act, Federal medicare, State public aid, Federal Social Security Administration burial benefits, Veterans Administration burial benefits,

health insurance, or from any other source, except annuities, pension plans, Federal Social Security payments payable to dependents of the victim and the net proceeds of the first $25,000.00 (twenty-five thousand dollars) of life insurance that would inure to the benefit of the applicant.

11. That the Claimants have received no reimbursements as a result of the victim's death that can be counted as an applicable deduction under section 7.1(a) (7) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 77.1(a)(7).

12. That after making all the applicable deductions under the Act, the pecuniary loss resulting from the victim's death is in excess of the $15,000.00 maximum allowed in section 10.1(f) of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 80.1(f).

13. That the Claimants' interest would be best served if the award hereunder would be paid pursuant to the installment provision of section 11.1 of the Act. Ill. Rev. Stat. 1979, ch. 70, par. 81.1.

It is therefore hereby ordered that the sum of $15,000.00 (fifteen thousand dollars) be and is hereby awarded to Victor Schrishuhn and Doris Bissey, guardian, Claimants of Donald H. Schrishuhn, Jr., deceased, an innocent victim of a violent crime to be paid and disbursed as follows:

(a) $2,122.70 (two thousand one hundred twenty-two dollars and seventy cents) to be paid to Victor Schrishuhn for funeral and medical expenses incurred;

(b) Sixteen equal monthly payments of $750.00 (seven hundred fifty dollars) each with a final seventeenth payment in the amount of $877.30 (eight hundred seventy seven dollars and thirty cents) to be paid to Doris Bissey, as guardian, for the use and benefit of Leta Mae and Margarete Schrishuhn;.

(c) In the event of the death or marriage of the victim's children, it is the duty of the personal representative of the victim to inform this Court in writing of such death or marriage for the purpose of the possible modification of the award.

## AMENDED OPINION ON MOTION
## FOR RECONSIDERATION

POCH, J.

This cause came for reconsideration on the Petitioner's motion for reconsideration. The Court has received a response to that motion from the Respondent, and having been duly advised:

Finds, that in the opinion filed April 27, 1981, the Court found that the deceased, Donald H. Schrishuhn, was the victim of a violent crime under section 2(c) of the Crime Victims Compensation Act (Ill. Rev. Stat. 1979, ch. 70, par. 72(c)), in that he was murdered. Originally this Court ordered that the Claimant, Victor Schrishuhn, receive $2,122.70, a reimbursement for Donald Schrishuhn's funeral and burial expenses and an ambulance charge. The remainder of the $15,000.00 award went to the children of Donald Schrishuhn and his wife, Marjorie Schrishuhn.

Since the time of that award, there has been a significant change in the legal status of the Petitioner, Marjorie Schrishuhn. It is undisputed that Ms. Schrishuhn, at the present time, has been declared incompetent, and is unable to provide for her existence. At the time of her husband's demise, she was completely dependent upon him for support. Ms. Schrishuhn was not included in the award made on April 27, 1981.

It appears from the record that the Respondent, State of Illinois, has no objection to including the Petitioner in this award. It also appears from the record that the guardian for the Schrishuhn children has no objections to the change in the award.

Since the order of April 27, 1981, $9,622.70 has been paid out of the award to the children of Donald and

Marjorie Schrishuhn and to Victor Schrishuhn. This leaves an amount in the award of $5,377.30. Once the Court subtracts $2,122.70 from the $15,000.00 award for Victor Schrishuhn's expenses, the remaining sum is $12,877.30. When this sum is divided by thirds, each of the remaining Petitioners, Mr. and Ms. Schrishuhn's two daughters and Ms. Schrishuhn would receive $4,292.43 apiece. Subtracting Ms. Schrishuhn's award of $4,292.43 from the remaining $5,377.30 leaves $1,084.87 to be distributed between the Schrishuhn daughters.

It is hereby ordered that the Petitioner, Marjorie Schrishuhn, be paid $4,292.43 and the daughters of Marjorie and Donald Schrishuhn be paid the remaining amount.